UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KINBELI SANABRIA,

        Plaintiff,

v.                                   Case No. 8:23-cv-1911-AEP

HOME MEDICAL SUPPLY
CENTER, INC.,

        Defendant.

_____/

## ORDER

      This cause comes before the Court upon the parties' Renewed Joint Motion for Approval of FLSA Settlement Agreement and Order of Dismissal of Action with Prejudice and Incorporated Memorandum of Law (Doc. 20). By the Motion, the parties request that this Court approve the parties' proposed settlement of the Fair Labor Standards Act ("FLSA") claims in this case and dismiss the case with prejudice. A claim brought pursuant to the FLSA can be resolved in two ways. *See* 29 U.S.C. § 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food*, 679 F.2d at 1353. Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. *Id.* To approve the settlement, the district court

must determine whether the settlement agreement constitutes a fair and reasonable resolution of a bona fide dispute regarding FLSA provisions. *Id.* at 1355.

In suits brought by employees under the FLSA for back wages, settlements may be permissible "because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In such adversarial cases, the Eleventh Circuit has determined that:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* (footnote omitted). Here, Plaintiff initiated this action asserting claims against Defendants Home Medical Supply Center, Inc. and Jennifer Ciesluk for unpaid overtime under the FLSA (Doc. 1, ¶ 27; Doc. 20, at 1–2). Plaintiff dismissed Jennifer Ciesluk from the lawsuit with prejudice on September 21, 2023 (Doc. 14). In her Complaint, Plaintiff alleged that she "began working for Defendants as a customer service representative on March 14, 2022, and she worked in this capacity until December 15, 2022" (Doc. 1, ¶ 25). According to Plaintiff, she "worked overtime hours while employed by Defendants, and she was not compensated for all of these hours in accordance with the FLSA" (Doc. 1, ¶ 34).

Defendant Home Medical Supply Center, Inc. disputed liability for Plaintiff's claims (Doc. 20, at 2). In an effort to resolve the litigation, however, Defendant

agreed to a settlement, and the parties subsequently submitted the proposed Settlement Agreement for review (Doc. 20-1). Within the proposed Settlement Agreement, the parties included a release by Plaintiff of all FLSA against Defendant in this action (Doc. 20-1, ¶ 5(a)). The Agreement provides that Defendant will pay Plaintiff a total gross sum of $5,000 in four separate allocations: (1) $100.00 for alleged unpaid overtime; (2) $100.00 for alleged liquidated damages; (3) $1,933.05 for alleged emotional distress, and/or other non-wage damages; and (4) $2,866.95 to Plaintiff's counsel, as attorneys' fees and costs (Doc. 20-1, ¶ 5).

In determining whether the settlement is fair and reasonable, a court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 605-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, No. 6:05CV-592ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

Upon review of the proposed settlement agreement, the undersigned finds that the settlement agreement is a fair and reasonable resolution of the parties' dispute regarding Plaintiff's claims. *See Lynn's Food*, 679 F.2d at 1353–55. Specifically, this Court notes that it is reasonable based upon the parties' assertion

that after inspection it was determined that only approximately 1.5 hours were not paid to Plaintiff (Doc. 20, at 4–5). Accordingly, after consideration, it is hereby

ORDERED:

1.      The parties' Joint Motion for Approval of FLSA Settlement Agreement and Order of Dismissal with Prejudice and Incorporated Memorandum of Law (Doc. 20) is GRANTED.

2.      The Settlement Agreement (Doc. 20-1) is accepted, adopted, and approved by the Court, and the parties are ordered to comply with the terms of the Settlement Agreement.

3.      This action is DISMISSED WITH PREJUDICE.

4.      The Clerk is directed to terminate all pending deadlines and to close the case.

DONE AND ORDERED in Tampa, Florida, on this 8th day of April, 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Counsel of Record

4